1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    ERIK DAVID SEGELSTROM, et al.,          Case No.  14-cv-03961-JST

           Plaintiffs,

8

         v.                                  **ORDER GRANITNG DEFENDANT**
9                                            **NATIONSTAR MORTGAGE, LLC'S**
     NATIONSTAR MORTGAGE L.L.C., et al.,     **MOTION TO DISMISS**
10
           Defendants.                       Re: ECF No. 25
11

12         Before the Court is a motion to dismiss filed by Defendant Nationstar Mortgage, L.L.C.

13  ("Nationstar").  ECF No. 25.  Nationstar argues that the claims against it are barred by the doctrine

14  of claim preclusion, as Plaintiffs Erik David Segelstrom and Cathie M. Hamer ("Plaintiffs")

15  previously filed an action arising out of the same events in the United States District Court for the

16  District of Columbia ("D.C. Action"), and that action was dismissed with prejudice as to

17  Nationstar.  See Segelstrom v. Citibank, N.A., No. CV 14-1071 (CKK), 2014 WL 6603202

18  (D.D.C. Nov. 21, 2014) ("Segelstrom I").  Plaintiffs have not filed an opposition to this motion.

19  **I.      Background**

20         **A.      Factual Background**

21         In July 2004, Plaintiffs secured a 30-year mortgage loan in the amount of $520,000 to

22  purchase a single-family home located at 29850 Point Area, California.  ECF No. 1 at 1.  Plaintiffs

23  signed their 2004 mortgage note in favor of the lender Lehman Brothers Bank.  Id. at ¶ 36.  While

24  Aurora Loan Services, LLC, initially serviced the note, Plaintiffs were informed by mail in April

25  2012 that Aurora had assigned the servicing rights to Nationstar.  ECF No. 1 at ¶ 74.

26         In October 2013, Plaintiffs received a notice-of-default letter from Nationstar stating that

27  Nationstar was foreclosing on Plaintiffs' property because Plaintiffs were behind on loan

28  payments.  Ex. H, ECF No. 1-8.  Plaintiffs were also served with an eviction notice.  ECF No. 1 at

United States District Court
Northern District of California

¶ 73.  Plaintiffs claim that Nationstar cannot legally foreclose on their home, as Nationstar has not not met "their burden under state law to prove it had the power of sale. . . and that title was 'duly perfected.'"  ECF No. 1 at ¶ 39.

**B.       Procedural History**

In June 2014, Plaintiffs filed 63-page complaint in the United States District Court for the District of Columbia against several defendants including Nationstar in an attempt to challenge their foreclosure and eviction proceedings.  See Segelstrom I, 2014 WL 6603202 at *8-*12.  Plaintiffs pled four claims under the False Claims Acts, 31 U.S.C. § 3729(a)(1).  Id. at *8.  Plaintiffs also alleged that Nationstar lacked standing to foreclose on their mortgage, fraudulently took assignment of Plaintiffs' mortgage, violated a consent judgment entered into between Citibank and several other banks, intentionally inflicted emotional distress on Plaintiffs, and violated Plaintiffs' due process rights.  Id. at *8-*12.  The D.C. action sought declaratory and injunctive relief.  Id.

In September 2014, Plaintiffs initiated the current action by filing a 96-page complaint against Nationstar and several other defendants.  ECF No. 1.[1]  In the current action, Plaintiffs similarly allege that Nationstar lacks the authority to foreclose on their property and has conspired with other defendants in a "multi-faceted scheme, clustering around . . . forged documents," which fraudulently purport to grant Nationstar an interest in Plaintiffs' property.  Id. at ¶ 12.  Plaintiffs seek declaratory and injunctive relief, and allege several causes of action including violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Following the filing of the complaint in the present action, Nationstar filed a motion to stay this litigation pending the resolution of a motion to dismiss they had filed in the D.C. Action.  ECF No. 7.  On November 21, 2014, before the Court could issue an order on the motion to stay, Judge Kollar-Kotelly of the District Court for the District of Columbia dismissed with prejudice all claims brought against Nationstar in the D.C. Action.  Segelstrom I, 2014 WL 6603202.  Judge Kollar-Kotelly concluded that Plaintiffs had failed to follow the proper procedure for bringing a

_____

[1] Nationstar is the only defendant who has appeared to date in this action.

United States District Court
Northern District of California

claim under the False Claims Act and that Plaintiffs were not permitted to bring a qui tam action *ex relatione* pro se.  Id. at *8.  Judge Kollar-Kotelly also addressed each of Plaintiffs' claims challenging their foreclosure and eviction proceedings under California law, dismissing each claim with prejudice.  Id. at *8-*12.

Defendant subsequently filed this motion to dismiss on December 10, 2014.  ECF No. 27.[2]

**C.      Jurisdiction**

The Court has federal question jurisdiction over this action, as Plaintiffs assert claims under 18 U.S.C. §§ 1962 and 1964.

**II.     Legal Standard**

On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**III.    Analysis**

Nationstar seeks to dismiss Plaintiffs' claims on the basis of claim preclusion, which "is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotations and citations omitted).  The Court will address each prong in turn.

**A.      Identity of the Claims**

Generally, "identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'"  Id.  Thus, "[i]t is immaterial whether the claims asserted subsequent to the

---

[2] In light of the resolution of the D.C. Action, the Court terminated as moot Nationstar's motion to stay.  ECF No. 28.

United States District Court
Northern District of California

1  judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry

2  is whether they could have been brought." United States ex rel. Barajas v. Northrop Corp., 147

3  F.3d 905, 909 (9th Cir.1998).  "Whether two events are part of the same transaction or series

4  depends on whether they are related to the same set of facts and whether they could conveniently

5  be tried together." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)

6  (internal citations and quotations omitted).

7       Plaintiffs' claims against Nationstar in the D.C. action arose out of the transactional

8  nucleus of facts surrounding Plaintiffs' default on their obligation to repay their loan around

9  October 2013 and Nationstar's subsequent attempts to foreclose on and evict Plaintiffs from that

10  property.  Segelstrom I, 2014 WL 6603202 at *2-*3.  Plaintiffs' current claims all arise out of the

11  same transactional nucleus of facts.  Furthermore, all of the facts underlying Plaintiffs' current

12  claims occurred contemporaneously with the facts underlying the D.C. Action, which further

13  counsels in favor of finding identity of the claims.  See Durney v. WaveCrest Labs., LLC, 441 F.

14  Supp. 2d 1055, 1063 (N.D. Cal. 2005) (collecting Ninth Circuit cases indicating that "the temporal

15  relationship of the two courses of conduct at issue is taken into account in determining whether

16  they are transactionally related or not.").  Although Plaintiffs' present complaint raises certain

17  causes of action that Plaintiffs did not raise in the D.C. Action, including several RICO claims, all

18  of Plaintiffs' current claims all could have been brought in that action.

19       Whether the suits share "the same transactional nucleus of facts," is the "most important

20  factor for determining whether the two suits have an identity of claims." Durney, 441 F. Supp. 2d

21  at 1060; see also Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 988 (9th Cir. 2005)

22  (noting that the Ninth Circuit has "often held the common nucleus criterion to be outcome

23  determinative under the first res judicata element.")  But the Ninth Circuit has also set forth other

24  factors that courts may look to determine whether identity of the claims exists between suits.

25  First, courts may look to "whether rights or interests established in the prior judgment would be

26  destroyed or impaired by prosecution of the second action." Durney, 441 F. Supp. 2d at 1060.

27  Allowing the current action to continue would impair Nationstar's "freedom from litigation

28  established by [the] dismissal with prejudice of the first suit." Id. at 1064.  Courts can also ask

United States District Court
Northern District of California

"whether substantially the same evidence is presented in the two actions." Id.  Plaintiffs' complaint in the instant action is over thirty pages longer than their complaint in the D.C. Action and contains causes of action they did not bring in the D.C. Action.  Therefore, the Court cannot be certain that the evidence Plaintiffs would seek to present in the current action would be identical to the evidence Plaintiffs would have brought in the D.C. Action had it not been dismissed.  Finally, courts may assess "whether the two suits involve infringement of the same right." Id.  Both actions involve Plaintiffs attempt to assert the infringement of the same right, as Plaintiffs have alleged in both suits that Nationstar did not have a sufficient interest in Plaintiffs' property to bring a foreclosure action on the same piece of property.

Given that the two suits share the same transactional nucleus of facts relating to Nationstar's attempts to foreclose on Plaintiffs' property during the same time period, Nationstar has established that there exists identity of the claims between the two actions.  Although proving the claims of the current action would potentially involve the introduction of different evidence than would have been required to prove the claims asserted in the D.C. Action, all of Plaintiffs' current claims could have been brought in that action.

**B.      Final Judgment on the Merits**

"Final judgment on the merits is synonymous with dismissal with prejudice." Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005) (internal quotations and citations omitted).  Judge Kollar-Kotelly dismissed the claims against Nationstar in the D.C. Action with prejudice.  Segelstrom I, 2014 WL 6603202 at *13 ("Defendants Citibank and Nationstar and the Doe Defendants are DISMISSED WITH PREJUDICE as Plaintiffs have failed to state a claim against these Defendants under the False Claims Act or a claim for wrongful foreclosure, fraud, violation of the consent judgment, intentional infliction of emotional distress, or violation of due process.").  Therefore, Nationstar has shown that there has been a final judgment on the merits in the previous suit.

**C.      Privity Between Parties**

Privity exists when the parties in both actions are identical or where "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." Tahoe-Sierra,

322 F.3d at 1081.  The only Plaintiffs in the current action at this time are Erik David Segelstrom and Cathie M. Hamer, the same two Plaintiffs who brought the D.C. Action.[3]  As discussed above, Nationstar was a Defendant in the D.C. Action.  Therefore, privity between the parties in both actions exists.

**IV.    Conclusion**

The Court concludes that Plaintiffs' claims against Nationstar are barred by the doctrine of claim preclusion.  Therefore, the Court dismisses Plaintiffs' claims against Nationstar with prejudice.

IT IS SO ORDERED.

Dated:  March 13, 2015

_____
JON S. TIGAR
United States District Judge

---

[3] The complaint indicates that Plaintiffs intend to seek class certification.  <u>See, e..g.</u> ECF No. 1 at ¶ 1.  As a general rule, pro se parties may not pursue claims on behalf of others in a representative capacity.  <u>Simon v. Hartford Life, Inc.,</u> 546 F.3d 661, 664 (9th Cir. 2008).